# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUAN FABIAN CHAVEZ,

       Plaintiff,

vs.                                                      No. CIV 11-1008 JB/LAM

BOARD OF COUNTY COMMISSIONERS
     OF SIERRA COUNTY,
SIERRA COUNTY DETENTION CENTER,
SUPERVISOR DETENTION OFFICER JOHN DOE,
MEDICAL DETENTION OFFICER DAVID ESTAVILLO,
DETENTION OFFICER JOHN DOE, and
DETENTION OFFICER SGT. C. CHAVEZ,
      each officer individually and
      each in their official capacities,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendants' Objection and Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss, filed March 8, 2012 (Doc. 28)("Motion to Strike"); and (ii) the Plaintiff's Motion to [sic] Leave to File Edited Version of Plaintiff's Response to Defendants' Motion to Dismiss, filed March 22, 2012 (Doc. 31)("Motion for Leave to File Response"). The Court held a hearing on May 3, 2012. The primary issues are: (i) whether the Court should strike the Plaintiff's Response to Defendants' Motion to Dismiss Complaint, filed March 5, 2012 (Doc. 26)("Response to Motion to Dismiss"); (ii) whether the Court should grant Plaintiff Juan Fabian Chavez leave to file a response to the motion to dismiss that complies with the Court's local rules; and (iii) whether the Court should impose any sanction on Chavez. For the reasons stated on the record, and for further reasons stated herein, the Court will grant the Motion for Leave to File Response. Given that the Court is granting the Motion for Leave

to File Response, the Court will deny the Motion to Strike and overrule the objections contained in the Motion to Strike without prejudice.  The Court will not impose sanctions on Chavez given that dismissal of his suit would be a disproportionate sanction and because, to the extent the Defendants seek sanctions under rule 11 of the Federal Rules of Civil Procedure, they have not complied with the requirements for sanctions under that rule.

## PROCEDURAL BACKGROUND

On August 22, 2011, Chavez filed his Civil Complaint for Damages in the Seventh Judicial District Court, County of Socorro, State of New Mexico.  See Doc. 1-1 ("Complaint").  He asserts various causes of action against the Defendants, including: (i) Count I - Violation of 42 U.S.C. § 1983 for Failure to Provide Medical Treatment to an Inmate based on an alleged failure to provide medication for sugar diabetes; (ii) Count II - Violation of 42 U.S.C. § 1983 for Failure to Provide Medical Treatment to an Inmate based on an alleged failure to provide medical treatment for Chavez' ankle and shoulder injuries; (iii) Count III - New Mexico State Tort Claim for negligence; and (iv) Count IV - Spoliation of Evidence.  See Complaint at 9-11.  On November 14, 2011, the Defendants filed their Notice of Removal to remove this case to federal court.  See Notice of Removal at 1 (Doc. 1).

On February 7, 2012, the Defendants filed their Defendants' Motion to Dismiss.  See Doc. 16 ("Motion to Dismiss").  They seek dismissal of all the claims Chavez has asserted against them. See Motion to Dismiss at 1.  On March 5, 2012, Chavez filed his Response to Motion to Dismiss. See Doc. 26.  The Response to Motion to Dismiss is thirty-five pages long.  See Doc. 26.  On February 22, 2012, the Honorable Lourdes A. Martinez, United States Magistrate Judge, held a status conference.  See Clerk's Minutes at 1-2, filed February 22, 2012 (Doc. 23).

On March 8, 2012, the Defendants filed their Motion to Strike.  The Defendants argue that

striking the Response to Motion to Dismiss is proper given that the response brief is longer than the twenty-four pages D.N.M.LR-Civ. 7.5 allows.  See Motion to Strike at 2.  They further note that "the excessive length of Plaintiff's Response is unwarranted in light of Defendant's Motion to Dismiss," given that "[t]he body of Defendants' Motion to Dismiss and Defendants' Memorandum taken together do not exceed more than nineteen (19) pages."  Motion to Strike at 2.  The Defendants assert that courts have recognized that a motion to strike is an appropriate procedural mechanism to address a filing that is not in compliance with a local rule.  See Motion to Strike at 3 (citing Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)(Browning, J.), aff'd sub nom. Ysais v. New Mexico, 373 F.App'x 863 (10th Cir. 2010)(unpublished)).

On March 22, 2012, Chavez filed his Motion for Leave to File Response.  See Doc. 31. Chavez "concedes that his" Response to Motion to Dismiss "exceeds the page limitation" requirement specified by local rule.  Motion for Leave to File Response at 1.  Chavez requests that the Court grant him leave to file an edited version of his Response to Motion to Dismiss that is in compliance with the page limitations under local rule.  See Motion for Leave to File Response at 1.

On March 27, 2012, the Defendants filed their Defendants' Response to Plaintiff's Motion to Leave to File Edited Version of Plaintiff's Response to Defendant's Motion to Dismiss.  See Doc. 33 ("Response to Motion for Leave to File Response").  The Defendants represent that they "agreed to extend Plaintiff's deadline by which to file his response" to the Motion to Dismiss "for an additional two weeks, until March 5, 2012" at the proceeding on February 22, 2012, before Judge Martinez.  Response to Motion for Leave to File Response at 2-3 (emphasis omitted).[1]  The

---

[1]The Defendants cite the Clerk's Minutes for this proceeding to support this proposition, but the Clerk's Minutes do not refer to an agreement of this nature.  See Clerk's Minutes at 1-2.

Defendants argue that, given the timing of the Motion for Leave to File Response, it is untimely and that Chavez should have filed it earlier.  See Response to Motion for Leave to File Response at 3. They also argue that the Court should grant their Motion to Strike given that Chavez has not responded to that motion.  See Response to Motion for Leave to File Response at 4.  They also contend that Chavez, in violation of local rules, has not attached to his Motion for Leave to File Response a copy of his proposed response.  See Response to Motion for Leave to File Response at 4. Thus, the "Defendants object to Plaintiff's Motion and respectfully request that it be" denied and "struck from the Court's record."  Response to Motion for Leave to File Response at 5.  They also request dismissal of Chavez' suit as a sanction.  See Response to Motion for Leave to File Response at 4.

On April 2, 2012, Chavez filed his Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Leave to File Edited Version of Plaintiff's Response to Defendant's Motion to Dismiss. See Doc. 34 ("Reply to Response to Motion for Leave to File Response").  Chavez contests that he filed his Response to Motion to Dismiss in an untimely manner given that he filed the response on April 2, 2012.  See Reply to Response to Motion for Leave to File Response at 1.  Chavez concedes that he violated the local rules regarding page limitations for responses, but denies "that such violation was willful and intentional."  Reply to Response to Motion for Leave to File Response at 2.  He argues that there is no local rule directly requiring him to attach his proposed response to his motion.  See Reply to Response to Motion for Leave to File Response at 2.  Chavez argues that the sanction of not permitting him to respond to the Defendants' Motion to Dismiss is severe and not warranted under the circumstances.  See Reply to Response to Motion for Leave to File Response at 2.  He argues that, if the Court is inclined to impose sanctions, a sanction less severe than dismissal is more appropriate.  See Reply to Response to Motion for Leave to File Response at 3.

-4-

At the hearing on May 3, 2012, Chavez stated that the filings he has made state his position on the issues before the Court.  See Transcript of Hearing at 3:20-25 (taken May 3, 2012)(Coronado)("Tr.").[2]  The Defendants acknowledged that the local rules do not require attachments of proposed responses in the circumstances presented in this case, but noted that the local rules do not prohibit them.  See Tr. at 4:5-18 (Lovett).  They stated that they cited to a local rule on attachment of a proposed pleading to a motion to amend.  See Tr. at 4:5-18 (Lovett); D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  They noted that it would have been beneficial for them to have seen Chavez' proposed response.  See Tr. at 4:19-5:13 (Lovett).  The Court stated that it believes Chavez has made a good-faith attempt to comply with the local rules once the Defendants pointed out those problems.  See Tr. at 6:6-15 (Court).  The Court then granted the Motion for Leave to File Response and directed Chavez to file a notice of withdrawal of his Response to Motion to Dismiss.  See Tr. at 6:16-7:2 (Court, Coronado).  The Court then asked the Defendants whether it would be acceptable for the Court to deny their Motion to Strike and overrule their objections contained in that motion without prejudice.  See Tr. at 7:10-16 (Court).  The Defendants stated that the Court's proposal would be acceptable, but asked that the Court require Chavez to file his proposed response quickly given the delays in the case.  See Tr. at 7:17-25 (Lovett).  The Court asked whether Chavez was ready to file his response, and Chavez stated that he could file the response later that day.  See Tr. at 8:1-2 (Court).  The Court stated that it would memorialize in its order resolving these motions that Chavez must file his response by May 3, 2012.  See Tr. at 8:5-7 (Court).  The Court asserted that it did not see a basis for imposing sanctions and directed the parties to be more cautious about complying with

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

local rules in the future.  See Tr. at 8:12-20 (Court).

On May 3, 2012, Chavez filed an edited response to the Motion to Dismiss to comply with the local rules regarding page limitations.  See Plaintiff's Response to Defendants' Motion to Dismiss Complaint (Edited Version), filed May 3, 2012 (Doc. 41).  On May 9, 2012, Chavez filed a notice of withdrawal to withdraw his Response to Motion to Dismiss.  See Notice to Parties that the Plaintff's [sic] Response to Defendant's Motion to Dismiss Complaint Is Hereby Withdrawn at 1 (Doc. 44).

**STANDARD FOR ISSUING SANCTIONS UNDER RULE 11**

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

(b)     **Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c)     **Sanctions.**

   (1)     **In General.**  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent

-6-

exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2)     **Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

. . . .

(6)     **Requirements for an Order.**  An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11.  "If after reasonable inquiry, a competent attorney could not form a reasonable belief that [a] pleading is well grounded in fact and is warranted by existing law . . . then such conduct is sanctionable under Rule 11."  Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988) (internal quotation marks omitted).  "The main purpose behind rule 11 sanctions is misconduct deterrence not defense compensation."  Duprey v. Twelfth Judicial Dist. Court, No. 08-0756, 2009 WL 2424618, at *8 (D.N.M. July 14, 2009)(Browning, J.)(citing Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994)).  Accord Fed. R. Civ. P. 11(c)(4).  "Sanctions are not warranted where there is a minor or tangential misrepresentation."  Estate of Gonzales v. AAA Life Ins. Co., No. 11-0486, 2012 WL 1684599, at *4 (D.N.M. May 8, 2012)(Browning, J.)(citing Carona v. Falcon Servs. Co., Inc., 72 F.Supp.2d 731, 733 (S.D. Tex. 1999)).  "If, considering the 'totality of the circumstances,' the court finds that the misrepresentation is an honest mistake, sanctions are not warranted."  Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *4 (quoting Carona v. Falcon Servs. Co., Inc., 72 F.Supp.2d at 733).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)      **Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:

     (1)      on its own; or

     (2)      on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter.  However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .
.

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted).  Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F.App'x 687, 689 (10th Cir. 2003)(unpublished))("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5). "The Court must be convinced that there are no questions of fact, that any questions of law are clear

and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F.Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, supra § 1382 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Daniel, J.). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d at 1184 (citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C., LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5

(N.D. Okla. Jan. 8, 2010)(Egan, J.))(internal quotation marks omitted)).  "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'"  <u>Ysais v. N.M. Judicial Standard Comm'n</u>, 616 F.Supp.2d at 1184 (citing <u>In re Hopkins</u>, 162 F.3d 1173, 1998 WL 704710, *3 n.6 (10th Cir. 1998)(unpublished table decision)).

## ANALYSIS

For the reasons stated on the record, and for further reasons stated herein, the Court grants the Motion for Leave to File Response.  Given that the Court is granting the Motion for Leave to File Response, the Court will deny the Motion to Strike and overrule the objections contained in the Motion to Strike without prejudice.  The Court will not impose sanctions on Chavez given that dismissal of his suit would be a disproportionate sanction and because, to the extent the Defendants seek sanctions under rule 11, they have not complied with the requirements for sanctions under that rule.

## I.     THE COURT WILL GRANT THE MOTION FOR LEAVE TO FILE RESPONSE.

The parties do not dispute that Chavez violated D.N.M.LR-Civ 7.5 by filing a response to the Motion to Dismiss that was longer than twenty-four pages.  D.N.M.LR-Civ 7.5 provides: "A response brief must not exceed twenty-four (24) double-spaced pages." D.N.M.LR-Civ 7.5. Chavez has sought, however, to cure his non-compliance with this local rule by seeking leave to file an edited response that complies with this local rule.  The Court sees a variety of cases where parties violate local rules, so the practice is not uncommon.  <u>See</u>, <u>e.g.</u>, <u>Coffey v. United States</u>, No. 08-0588, 2012 WL 1596916, at *2 (D.N.M. May 2, 2012)(Browning, J.).  For instance, the Court recently explained why both parties' failure to comply with D.N.M.LR-Civ 56.1(b) made it difficult for the Court to properly resolve the motion before it but did not take the step of imposing any form of

sanction:

> D.N.M.LR-Civ. 56.1(b) is designed to isolate the relevant facts and to present them in an orderly fashion to the Court, and when parties do not follow the procedures listed in this local rule, the Court may have difficulty properly determining what the relevant facts are.  Furthermore, it is not the Court's responsibility to scour the parties' evidence and filings to determine what facts are in dispute and what facts will defeat a motion for summary judgment.  See Gonzales v. City of Albuquerque, No. 09-0520, 2011 WL 1114830, at *24 (D.N.M. Mar. 23, 2011)("[I]t is not the Court's responsibility to scour the record for evidence to defeat [a] Motion for Summary Judgment . . . .");  Hauff v. Petterson, 755 F.Supp.2d 1138, 1150 (D.N.M. 2010)(Kelly, J.)("Nor is it the court's function to 'scour the record in search of evidence to defeat a motion for summary judgment.' " (quoting Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996))).  The Court will do its best to present the facts that the parties have set out in their factual sections of their briefs, or what appear to be the factual sections of their briefs, but may not be able to consider what may or may not be asserted facts set out in the argument section of the parties' filings.  The Court can think of no sound basis to distinguish between what might be arguments and what might be asserted facts when parties include those matters in the argument section of their filings but not their factual sections of their filings.

Coffey v. United States, 2012 WL 1596916, at *2.  Thus, the Court recognizes the importance of complying with local rules.

The Court is less troubled, however, when parties acknowledge that they have failed to comply with a local rule and seek to cure that non-compliance.  Chavez has recognized that he violated a local rule and has sought to correct that defect.  While some delay in this case may have resulted from the initial non-compliance, the Court believes that Chavez is doing his best to respect the local rules and to accommodate the Defendants' concerns.  As the Defendants conceded at the hearing, even if doing so would have been helpful to the Defendants, there is no local rule requiring Chavez to attach a copy of his proposed response to his Motion for Leave to File Response.  Furthermore, it appears, according to the Defendant's own admission, that the parties agreed to extending the time for Chavez to file his Response to Motion to Dismiss to March 5, 2012.  See Response to Motion for Leave to File Response at 2 ("However, the parties agreed to extend

Plaintiff's deadline by which to file his response for an additional two weeks, until March 5, 2012."

(citation omitted)).  He filed his Response to Motion to Dismiss on March 5, 2012, see Doc. 26, so

the Court does not see a basis for concluding that his Response to Motion to Dismiss was initially

untimely.  Thus, given that the Court believes Chavez has acted in good faith by admitting his

violation of D.N.M.LR-Civ 7.5 and by trying to cure that deficiency, the Court will grant the Motion

for Leave to File Response.  The Court acknowledges that Chavez did not file a response directly

to the Defendants' Motion to Strike, as D.N.M.LR-Civ 7.1 requires, but he has effectively responded

to their Motion to Strike with his Motion for Leave to Late File, and the Court does not believe that

dismissing his case is the appropriate result in light of his circumstances.  See D.N.M.LR-Civ. 1.7

("These rules may be waived by a Judge to avoid injustice.").  Consistent with the discussion at the

May 3, 2012 hearing, the Court will require Chavez to file the proposed response by May 3, 2012.[3]

## II.   GIVEN THE COURT'S RULING ON THE MOTION FOR LEAVE TO FILE RESPONSE, THE COURT WILL DENY THE MOTION TO STRIKE WITHOUT PREJUDICE TO THE DEFENDANTS RENEWING IT IF THE NEW FILING DOES NOT COMPLY WITH THE LOCAL RULES AND WILL NOT IMPOSE SANCTIONS.

Given the Court's ruling on the Motion for Leave to File Response, the Defendants

acknowledged at the May 3, 2012, hearing that it was appropriate for the Court to deny their Motion

to Strike and the objections contained therein, without prejudice.  See Tr. at 7:10-25 (Court, Lovett).

Thus, the Court will deny the Motion to Strike and the objections contained therein without

prejudice.  Chavez has now withdrawn his Response to Motion to Dismiss, thus resolving the

Defendants' concerns.  See Doc. 44.  Furthermore, it is discretionary for a court to strike a filing not

allowed by local rule.  See In re Hopkins, 1998 WL 704710, *3 n.6 ("As all of Hopkins' briefs were

_____

[3]Chavez has already complied with this aspect of the Court's ruling.  See Doc. 41.

-12-

non-complying, including both of his amended briefs, it was well within the discretion of the district court to strike them." (citation omitted)).

The Court also finds that denying the Motion to Strike is appropriate, because the Court does not see a basis for imposing sanctions on Chavez. First, Chavez has sought to cure his non-compliance with D.N.M.LR-Civ 7.5. Given his attempt to comply with the local rules, the Court does not believe that the requested sanction of not permitting him to respond to the Motion to Dismiss -- which would effectively result in dismissal of his case -- is a proportionate sanction. Outright dismissal is also inappropriate. As the Tenth Circuit has stated: "Dismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances. Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). The Court does not believe that severe sanction is appropriate here.

Second, to the extent the Defendants seek monetary sanctions under rule 11, they have not complied with the requirements for rule 11 relief. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The Defendants have not filed a separate motion for sanctions. Instead, they included the request in a response to another motion. That practice does not comply with rule 11(c)(2). See Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *11 ("They did not make their 'motion for sanctions . . . separately from any other motion,' in fact filing their request for sanctions in the Response to Motion for Sanctions."). Furthermore, there is no indication that

they attempted to comply with the safe-harbor provisions in rule 11(c)(2).  They have presented no evidence that they served their request for sanctions under rule 5 of the Federal Rules of Civil Procedure twenty-one days before they brought their request for sanctions.  See Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *9 ("The University Defendants have not provided any evidence to the Court that they served their Motion for Sanctions under rule 5 to the Plaintiffs twenty-one days before filing the motion as required by rule 11(c)(2).").  Thus, to the extent that they have requested monetary sanctions under rule 11, the Court will deny their request for sanctions.

   **IT IS ORDERED** that the Plaintiff's Motion to [sic] Leave to File Edited Version of Plaintiff's Response to Defendants' Motion to Dismiss, filed March 22, 2012 (Doc. 31), is granted. The Court will require Plaintiff Juan Fabian Chavez to file the proposed response by May 3, 2012. The Court will deny the Defendants' Objection and Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss, filed March 8, 2012 (Doc. 28), and the objections contained therein, without prejudice to the Defendants renewing their arguments if Chavez fails to comply with the local rules.  The Court will not impose sanctions on Chavez.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jose R. Coronado
Las Cruces, New Mexico

-- and --

G. Greg Valdez
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

-14-

Michael J. Thomas
Law Office of Michael J. Thomas, LLC
Las Cruces, New Mexico

-- and --

Raul A. Carrillo , Jr.
Daniel D. James
Steven L. Lovett
Carrillo Law Firm
Las Cruces, New Mexico

    *Attorneys for the Defendants*